FILED by **SL** D.C.

**Apr 30, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
# 21- 20262-CR-SINGHAL/MCALILEY
### CASE NO. _____

**18 U.S.C. § 1349**
**18 U.S.C. § 1344**
**18 U.S.C. § 982**

UNITED STATES OF AMERICA

vs.

**HASAN HAKIM BROWN,**
**JEAN RENALD FLEURIDOR,**
**and KEVIN KIRTON,**

**Defendants.**
_____/

## INFORMATION

The Acting United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times material to this Information:

## Definitions

### *Synthetic Identification Fraud*

1.    Synthetic Identification ("SID") Fraud was a type of fraud in which a defendant combined stolen personal information of real victims, such as stolen social security numbers ("SSNs") with false and fraudulent information, such as fake names and dates of birth, to create a new identity which could be used to open fraudulent bank accounts, credit card accounts, and businesses, among other things.

*The Paycheck Protection Program*

2.     In or around March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted. It was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the Paycheck Protection Program ("PPP"), which allowed for the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses. In or around April 2020, Congress authorized over $300 billion in additional PPP funding. In order to obtain a PPP loan, an applicant had to submit an application listing the number of employees and average monthly payroll expenses for the applicant's company. The applicant also had to certify that the funds would be used for payroll and other authorized expenses for the applicant's company.

*Relevant Financial Institutions and Related Entities*

3.     The "Victim Bank" was a bank located in San Antonio, Texas. The Victim Bank was insured by the Federal Deposit Insurance Corporation ("FDIC").

4.     Lender 2 was headquartered in Fort Lee, New Jersey and was a financial institution federally insured by the FDIC and, as such, was authorized to lend funds to eligible borrowers under the terms of the PPP.

## The Defendants and Related Entities

5.     **HASAN HAKIM BROWN** resided in Aventura, Florida. **HASAN HAKIM BROWN** was listed as a registered agent in the following Florida Corporations, among several others, located in Miami-Dade County, and elsewhere: Tech Savvy Holding Corp; ("Tech Savvy"); Impeccable Yacht Cleaning Solutions ("Impeccable Yacht"); Advanced

2

Financing Inc. ("Advanced Financing"); and Local Screen Kings Inc. ("Local Screen Kings").

6.  **JEAN RANALD FLEURIDOR** resided in Weston, Florida. **FLEURIDOR** was listed as a registered agent on the following Florida Corporations, among others, located in Miami-Dade County: Skyline Development ("Skyline"), Nexbit, Inc.("Nexbit"); Marquix Construction; and Development ("Marquix"). **FLEURIDOR** was also part owner of Florida based corporation Express Tax 1 ("Express Tax") located in Melbourne, Florida.

7.  **KEVIN KIRTON** resided in Atlanta Georgia. **KIRTON** manufactured complex computer systems ("Virtualization Machines") which he sold to individuals throughout the United States.

## Entities Opened in the Names of SIDs

8.  The following shell company bank accounts, among others, were opened in the names of SIDs at the Victim Bank. The following SIDs and corresponding accounts, are listed in the format: SID-Fraudulent Last Name- Last Four Numbers of Victim Bank Account Number ("SID-Name-XXX"):

| SID name/ USAA Account | Indictment Reference | Business Name |
|---|---|---|
| "Deborah Brown" account ending in 7110 | SID-Brown-7110 | Deb's Housekeeping Services, Inc. ("Debs Housekeeping") |
| "Shannon Carter" account ending in 3987 | SID-Carter-3987 | Shan's Mobile Pet Grooming, Inc. ("Shan's Mobile") |
| "Nicholas Carter" account ending in 3897 | SID-Carter-3897 | Cater Landscaping Services, Inc. ("Carter Landscaping") |

## Conspiracy to Commit Bank Fraud
## (18 U.S.C. § 1349)

1.     The General Allegations section of this Information is hereby re-alleged and incorporated as though fully set forth herein.

2.     From in or around January 2017, and continuing through on or about August 26, 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

## HASAN HAKIM BROWN,
## JEAN RENALD FLEURIDOR, and
## KEVIN KIRTON,

did willfully, that is, with intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Acting United States Attorney, to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, including the Victim Bank and the Lenders, which scheme and artifice would employ a material falsehood, and knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(1) and (2).

## PURPOSE OF THE CONSPIRACY

3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves, and others, by utilizing Victim Bank accounts that were falsely and fraudulently registered to SIDs, shell companies that were falsely and fraudulently registered to SIDs, and shell company bank accounts that were falsely and

4

fraudulently opened using SIDs, along with shell company bank accounts created in the names of the defendants, to do the following, among other things:

> a.  use falsely issued convenience checks, fraudulent credit card transactions, and fraudulent money transfers to wire transfer stolen Victim Bank funds to shell companies controlled by the defendants;
>
> b.  falsely and fraudulently apply for PPP loans for fraudulent shell companies registered to the defendants, which conducted no legitimate business and had no legitimate employees; and
>
> c.  falsely and fraudulently apply for PPP loan relief for fraudulent shell companies registered to SIDs, but controlled by the defendants, which conducted no legitimate business and had no legitimate employees.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of this conspiracy included, among other things, the following:

### Victim Bank Fraud Scheme

4.  **KEVIN KIRTON** created complex computer data storage virtualization technology machines that combined multiple physical disk drive components into one unit. These Virtualization Machines were designed to facilitate and automate the opening of fraudulent Victim Bank credit card accounts and Victim Bank accounts and to manage SID bank activity at the Victim Bank. The Virtualization Machines gave users the ability to access numerous virtual desktops and IP addresses in order to circumvent bank security. **KEVIN KIRTON** created and sold at least three Virtualization Machines, including one to **HASAN**

5

**HAKIM BROWN**, one to another a co-conspirator located in the Southern District of Florida ("FL-Conspirator-1"), and one to Mackenzy Toussaint a/k/a "Mack," a co-conspirator located in the Northern District of Texas.

5.      **KEVIN KIRTON** maintained backups of the Virtualization Machines in the Northern District of Atlanta and occasionally monitored the use the Virtualization Machine users from a remote location.

6.      **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators registered shell companies with the Florida Division of Corporations ("Sunbiz") that falsely and fraudulently appeared to be associated with various service industries such as the yachting industry, the technology industry, and the landscaping industry, among others, and listed themselves and their co-conspirators as registered agents of those companies. The companies were false and fraudulent shell companies which conducted no legitimate business and had no legitimate employees.

7.      **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators created SIDs by falsely and fraudulently combining stolen SSNs that were assigned to minors and deceased individuals, among others, with false and fraudulent names and dates of birth.

8.      **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators used the Virtualization Machines, SIDs, and stolen identities to open over 700 bank accounts at the Victim Bank ("VB Fraud Accounts"). **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators used mail forwarding to redirect Victim Bank account statements and documents from their intended destination to locations controlled by the defendants and their co-conspirators, including co-conspirator Johnny

6

Philus, in order to conceal the fact that the defendants and their co-conspirators were controlling the VB Fraud Accounts.

9.     **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators then used the Virtualization Machines to make convenience check payments, credit card payments, and wire transfers, among other payment types, from the VB Fraud Accounts into shell company bank accounts they controlled.

10.     For example, the following transactions, among hundreds of other transactions, were made by the defendants: on or about May 10, 2019, **HASAN HAKIM BROWN** caused a convenience check payment of $6,200 from the Victim Bank account registered to SID-Carter-6404 to a bank account registered to his shell company Advance Financing; and on or about October 23, 2019, **JEAN RENALD FLEURIDOR** caused a convenience check payment of $9,500 from the Victim Bank account registered to SID-Thomas-8376 to his shell company Skyline Development.

11.     **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators committed the Victim Bank fraud scheme in two separate groups. **HASAN HAKIM BROWN** and others, were part of one group and **JEAN RENALD FLEURIDOR** and others, were part of another group.

12.     The group consisting of **HASAN HAKIM BROWN** and others, and the group consisting of **JEAN RENALD FLEURIDOR** and others, shared profits from the Victim Bank fraud scheme. Each group received approximately $1 million from their participation the scheme and used the money for their own benefit and for the benefit of others.

7

**PPP Fraud Scheme**

13.     In or around May to June 2020, **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators used their previously established shell companies which conducted no legitimate business and had no legitimate employees to apply for false and fraudulent PPP loans.  Many of the applications contained paperwork that listed SIDs as employees of the shell companies. The defendants received the following loans based on false and fraudulent misrepresentations submitted to loan processing companies:

| Date of PPP Loan Certification | Defendant | Shell Company | Employees Claimed on PPP Application | Actual Number of Employees | Amount of Loan Money Disbursed |
|---|---|---|---|---|---|
| 4/4/2020 | JEAN RENALD FLEURIDOR | Skyline | 10 | 0 | $60,000 |
| 5/6/2020 | HASAN HAKIM BROWN | Tech Savvy | 33 | 0 | $544,650 |

14.     **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators each received a share of the proceeds from the fraudulently obtained PPP loans, which was divided amongst members of the conspiracy.  The PPP loans were not used for payroll and other authorized expenses.  Instead, the loan money was used to unjustly enrich members of the conspiracy and others.

15.     Additionally, **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators filed hundreds of additional false and fraudulent PPP loan applications for a fee, on behalf of individuals located in the Southern District of Florida, the Middle District of Florida, and elsewhere.  The information on the false and fraudulent loan applications submitted for others contained false and fraudulent information.  The proceeds

8

that the defendants received from the additional false and fraudulent PPP loan applications were split amongst members of the conspiracy.

16.    In addition to filing false and fraudulent PPP loan applications for the various shell companies controlled by **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators, and filing false and fraudulent PPP loan applications for others, **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators opened shell companies and associated bank accounts in the names of SIDs.

17.    **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators then falsely and fraudulently applied for PPP loans in the name of shell companies registered to SIDs.  For example, the following PPP loan applications, among others, were filed for shell companies registered to SIDs:

| Date | SID / Shell Company | Loan Disbursement |
|------|---------------------|-------------------|
| 5/14/2020 | SID-Carter-3987 Shans Mobile | $830,445 from Lender-2 to BB&T/Truist account ending in 4279 registered to Shans Mobile. |
| 5/9/2020 | SID-Brown-7110 Debs Housekeeping | Caused payment of $1,413,157 from Lender-2 to BB&T/Truist account ending in 8677 registered to Debs Housekeeping. |
| 5/11/2020 | SID-Carter-3897 Carter Landscaping | Caused payment of $1,707,120 from Lender-2 to BB&T/Truist account ending in 5240 registered to Carter Landscaping. |

18.    Once the false and fraudulently obtained PPP loan proceeds were received into bank accounts in the name of shell companies registered to SIDs, **HASAN HAKIM BROWN, JEAN RENALD FLEURIDOR** and their co-conspirators transferred the money into shell company bank accounts, cash, and money orders that they controlled and used the

money for their own personal benefit, and for the benefit of others. For example, the defendants conducted the following transactions, among several other transactions:

| Date | Payment from SID Company |
|------|--------------------------|
| 5/22/2020 | Check payment of $48,500 from BB&T/Truist bank account ending in 5240, registered to Carter Landscaping, to Tach Savvy, controlled by **HASAN HAKIM BROWN**. |
| 5/25/2020 | Check payment of $100,000 from BB&T/Truist Bank account ending in 4279, registered to Shans Mobile, to Express Tax controlled by **JEAN RENALD FLEURIDOR** and other co-conspirators known to the Acting United States Attorney. |
| 5/26/2020 | Check payment of $14,830 from BB&T/Truist Bank account ending in 8677, registered to Debs Housekeeping, to Local Screen Kings controlled by **HASAN HAKIM BROWN**. |
| 5/26/2020 | Check payment of $100,000 from BB&T/Truist account ending in 8677, in the name of Debs Housekeeping, to Skyline controlled by **JEAN RENALD FLEURIDOR**. |
| 6/1/2020 | Check payment of $50,000 from BB&T/Truist bank account ending in 4279, registered to Shans Mobile Pet Grooming, to Tech Savvy controlled by **HASAN HAKIM BROWN**. |
| 6/3/2020 | Check payment of $200,000 from BB&T/Truist account ending in 5240, in the name of Carter Landscaping, to Skyline controlled by **JEAN RENALD FLEURIDOR**. |
| 6/4/2020 | Check payment of $50,000 from BB&T/Truist bank account ending in 8677, in the name of Debs Housekeeping to Tech Savvy controlled by **HASAN HAKIM BROWN**. |
| 6/4/2020 | Check payment of $50,000 from BB&T/Truist bank account ending in 5240, in the name of Carter Landscaping, to Impeccable Yacht controlled by **HASAN HAKIM BROWN**. |
| 6/4/2020 | Check payment of $20,000 from BB&T/Truist account ending in 5240, registered to Carter Landscaping, to Tech Savvy controlled by **HASAN HAKIM BROWN**. |

In violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **HASAN HAKIM BROWN**, **JEAN RENALD FLEURIDOR**, and **KEVIN KIRTON** have an interest.

2.    Upon conviction of the violation of Title 18 United States Code, Section 1349, 1344, as alleged in this Information, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.    The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

a.  The following assets seized from the residence of **HASAN HAKIM BROWN** on August 26, 2021:

    i.   Silver in color watch with black face (Baume & Mercier);

    ii.  Rolex watch gold in color face with brown leather straps (S/N#116570);

    iii. Hublot watch 198 OF 1000 (black and gold chain in color face) limited edition with black straps;

    iv.  $4,900.00 in U.S. currency; and

    v.   Cartier watch, gold and silver in color face, with engraved name, black leather straps.

b.  The following accounts formerly on deposit at J.P Morgan Chase Bank:

    i.    Account number 321832583 held in the name of SG Mobile Wash and Dent Restoration;

    ii.   Account number 451336445 held in the name of Post Commercial Property Management Inc.;

    iii.  Account number 109125980 in the name of Advanced Financing Inc.;

    iv.   Account number 787721690 held in the name of Local Screen Kings Inc.;

    v.    Account number 964078810 held in the name of **HASAN HAKIM BROWN**;

    vi.   Account number 107369057 held in the name of Epic Construction and Development Corp.;

    vii.  Account number 55088527 held in the name of Y.E.N. Global;

    viii. Account number 550888882 held in the name of Y.E.N. Global; and

    ix.   Account number 834-82138 held in the name of **HASAN HAKIM BROWN**;

c.  The following accounts formerly on deposit at Truist Bank (formerly BB&T Bank):

  i.  Account number 1100018318707 held in the name of TB Team Landscaping Inc.;

  ii.  Account number 1100018318677 held in the name of Deb's Housekeeping Services, Inc.;

  iii.  Account number 1100018454279 held in the name of Shan's Mobile Pet Grooming Inc.;

  iv.  Account number 1100018455240 held in the name of Carter Landscaping Services, Inc.;

  v.  Account number 1100018453973 held in the name of KDS Mobile Mechanics Inc.;

  vi.  Account number 1100018454554 held in the name of Paul's Perfect Cleaning Solutions, Inc.;

  vii.  Account number 1100018455232 held in the name of BB Mobile Auto Wash Inc.;

  viii.  Account number 0000247870431 held in the name of Pristine Gardening and Landscaping Inc.;

  ix.  Account number 0000245635079 held in the name of SG Mobile Wash and Dent Restoration; and

  x.  Account number 0000245634986 held in the name of White Glove Yacht Cleaning Services Inc.

d.  The following accounts formerly on deposit at Azlo Bank:

  i.  Account number 6767933833 held in the name of CBS Mobile Mechanics Inc.; and

  ii.  Account number 6773646536 held in the name of Miller Housekeeping Services, Inc.

e.  The following accounts formerly on deposit at Iberia Bank:

  i.  Account number 20001883178 held in the name of SG Mobile and Dent Restoration, Inc.; and

  ii.  Account number 20001883720 held in the name of Tech Savvy Holding Corp.

f.  The following accounts formerly on deposit at Bank of America:

  i.  Account number 898105938645 held in the name of Skyline, Development, and Construction LLC;

  ii.  Account number 898107163434 held in the name of J & F Prince Corp.;

  iii.  Account number 898115813255 held in the name of J & F Prince Corp.; and

      iv.  Account number 898114716227 held in the name of Prince Property Management Inc.

g.  The following accounts formerly on deposit at Wells Fargo Bank, N.A.:

      i.  Account number 1010210593794 held in the name of **JEAN FLEURIDOR**;
      ii.  Account number 9700521066 held in the name of Skyline, Development, and Construction LLC;
      iii.  Account number 1823721129 held in the name of Tech Savvy Holding Corp.;
      iv.  Account number 6113055997 held in the name of Sibling Rivalry Entertainment Inc.;
      v.  Account number 2199734662 held in the name of Impeccable Yacht Cleaning Solutions Inc.;
      vi.  Account number 2199734571 held in the name of Helm Automotive Group, Inc.; and
      vii.  Account number 1924333816 held in the name of Crew IQ Inc.

h.  The following accounts formerly on deposit at Citibank:

      i.  Account number 3290399942 held in the name of J & F Prince Corp.;
      ii.  Account number 3290009997 held in the name of Prince Property Management Inc.;

i.  The following accounts formerly on deposit at Regions Bank:

      i.  Account number 0272052422 held in the name of Impeccable Yacht Cleaning Solutions Inc.;
      ii.  Account number 0272051906 held in the name of Tech Savvy Holding Corp.;
      iii.  Account number 0272052244 held in the name of Helm Automotive Group, Inc.;
      iv.  Account number 0272051825 held in the name of White Glove Yacht Cleaning Services; and
      v.  Account number 0272051590 held in the name of Pristine Gardening and Landscaping Inc.

5.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BROOKE WATSON
ASSISTANT UNITED STATES ATTORNEY

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

Hasan Hakim Brown et al.,

_____ Defendants/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)

☑ Miami ☐ Key West ☐ FTL
☐ WPB ☐ FTP

New defendant(s) ☐ Yes ☐ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act,

    Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No** _____

    List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

    (Check only one)

    I    0 to 5 days        ☑
    II   6 to 10 days       ☐
    III  11 to 20 days      ☐
    IV   21 to 60 days      ☐
    V    61 days and over   ☐

    (Check only one)

    Petty         ☐
    Minor         ☐
    Misdemeanor   ☐
    Felony        ☐

6. Has this case previously been filed in this District Court? (Yes or No) **No** _____

    If yes: Judge _____ Case No. _____

    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No) **Yes** _____

    If yes: Magistrate Case No. **20-mj-03427** _____

    Related miscellaneous numbers: _____

    Defendant(s) in federal custody as of **8/29/2021 (Brown)** _____

    Defendant(s) in state custody as of _____

    Rule 20 from the District of _____

    Is this a potential death penalty case? (Yes or No) _____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No** _____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No** _____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No** _____

Brooke Watson
Assistant United States Attorney
Court ID No.       A5501844

\*Penalty Sheet(s) attached

REV 3/19/21

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** HASAN HAKIM BROWN

**Case No:** ——————————————————————————————

Count #: 1

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 30 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

**Defendant's Name:** JEAN RENALD FLEURIDOR

**Case No:**

Count #: 1

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 30 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** KEVIN KIRTON

**Case No:**

Count #: 1

Conspiracy to Commit Bank Fraud

18 U.S.C. § 1349

**\*Max. Penalty:** 30 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: HASAN HAKIM BROWN _____

Same bond: PTD _____

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA: **Brooke Watson**

Last Known Address: 3030 NE 188TH ST APT 405

AVENTURA, FL 33180- 2858

_____

What Facility: _____

_____

Agent(s):          David Brand, FDIC-OIG
          (FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

## BOND RECOMMENDATION

DEFENDANT: JEAN RENALD FLEURIDOR _____

Same bond _____

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:   Brooke Watson

Last Known Address: 228 La Costa Way _____

Weston, Florida 33326 _____

_____

What Facility:      _____

_____

Agent(s):        David Brand, FDIC-OIG _____

(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: KEVIN KIRTON _____

$250,000 PSB _____

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____

AUSA:  Brooke Watson

Last Known Address: ___598 BROOKS RD_____

_____DALLAS, GA 30132-0363_____

_____

What Facility: _____

_____

Agent(s):        David Brand, FDIC-OIG_____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)  (ICE)  (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| HASAN HAKIM BROWN, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| United States of America v. | ) | |
|---|---|---|
| | ) | Case No. 20 - MJ - 03472 |
| JEAN RENALD FLEURIDROR, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: 4/28/21

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Omar A. Lopez

*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America v. )
)  Case No.
KEVIN KIRTON, )
)
*Defendant* )

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*